IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ABEBITU FIELDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | |
| | ) | NO._____ |
| MOREHOUSE COLLEGE, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**CIVIL COMPLAINT**

Plaintiff, Abebitu Fields ("Ms. Fields"), by and through undersigned counsel from L.L. DUNN LAW FIRM, PLLC, and ISENBERG & HEWITT, P.C., and pursuant to 20 U.S.C. § 2201(a), and Fed. R. Civ. P. 57 and 65, hereby files this action seeking a speedy declaratory judgment and related injunction against Morehouse College regarding its discriminatory policy and practice of disenfranchising female Spelman College students like her from their Title IX right to file and proceed with a formal complaint against male Morehouse College students for sexual assaults happening on Morehouse College's campus.

1. On or about the night of February 10, 2023, while attending a party off campus, Morehouse College student Kyri Williams provided alcoholic drinks to the

1

19-year-old Ms. Fields, which he had spiked (without her knowledge or consent) with Royal Honey VIP.

2. Upon information and belief, Kyri Williams had intentionally added Royal Honey VIP to the alcohol he served at the party, hoping it would function as an aphrodisiac to facilitate a sexual encounter with an unsuspecting Spelman College student, like Ms. Fields.

3. Since 2018, the Food and Drug Administration (FDA) has advised consumers against the use of Royal Honey VIP due to the potentially dangerous side effects from its active ingredient tadalafil. *See* https://www.fda.gov/drugs/medication-health-fraud/public-notification-royal-honey-vip-contains-hidden-drugingredient.

4. While at the party, Ms. Fields consumed and became incapacitated from the high volume of alcohol Kyri Williams provided to her.

5. During the early morning of February 11, 2023, Kyri Williams invited Ms. Fields and another Spelman College student back to his dorm room in Brazeal Hall so that they could continue drinking and hanging out with him and his roommate.

6. While in his dorm room, Kyri Williams offered his bed to the incapacitated Ms. Fields, then requested a sexual encounter with her. When Ms. Fields declined, Kyri Williams sexually assaulted and raped her.

7. Ms. Fields promptly reported these sex crimes to Morehouse College's Police Department, which did nothing in response. Specifically, it failed to interview any witnesses, offer Ms. Fields any protective measures, or even protect the other Spelman student present during the incident from subsequent harassment and witness tampering by Kyri Williams and his roommate.

## **JURISDICTION & VENUE**

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201 because Plaintiff seeks a declaration judgment regarding a federal question under Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. §§ 1681, *et seq*.

9. This Court is the proper venue pursuant to 28 U.S.C. § 1391(b) because Defendant is a business located in this district and a substantial number of the events and omissions which form the basis of this complaint occurred, and continue to occur, within this district.

10. This Court has personal jurisdiction over Defendant pursuant to Fed. R. Civ. P. 4(k)(1) because Defendant is located and conducts business in this jurisdiction.

## THE PARTIES

11. Plaintiff, Ms. Fields, is a 19-year-old currently enrolled and attending Spelman College in Atlanta, Georgia. She is a resident of the State of New York.

12. Defendant Morehouse College is a historically black, single-sex-admitting private institution of higher education in Atlanta, Georgia.

## FACTUAL ALLEGATIONS

*Morehouse College Provides Spelman College Students
Access to Its Educational Programs and Activities*

13. Morehouse College has a close consortial relationship with Spelman College, and the two are often referred to as "SpelHouse."

14. Morehouse and Spelman College are also members of the Atlanta University Center Consortium (AUC). *See* https://aucenter.edu/about/ ("The Atlanta University Center Consortium, a 501 (c)(3) non-profit corporation under the laws of the State of Georgia, formed in 1929 to operate on behalf of its member institutions—Clark Atlanta University, Morehouse College, Morehouse School of Medicine, and Spelman College—is the world's oldest and largest association of

historically Black colleges and universities. The Consortium is a vibrant intellectual community with a long tradition of scholarship, service, and community engagement.").

15. As previously recognized by this Court, Morehouse and Spelman College effectively share the same physical campus. *See Doe*, Civil Action No. 1:21-cv-02572-SDG (ECF No. 44) ("The AUC institutions are located on one tract of land and the students can walk freely between them as if they were one larger campus.").

16. As previously recognized by this Court, Morehouse and Spelman College often host events, clubs, and educational programs and activities for each other's students to access. *See Doe*, Civil Action No. 1:21-cv-02572-SDG (ECF No. 44). They also sometimes jointly provide and host educational programs and activities.

17. As previously recognized by this Court, Spelman students have the ability to cross-register in courses and use facilities at Morehouse College. *See Doe*, Civil Action No. 1:21-cv-02572-SDG (ECF No. 44). ("Undergraduate students who attend an AUC institution may register for classes at any other AUC institution.").

18. When Ms. Field was accepted into Spelman College, she enrolled there because it advertised that students could access educational programs and activities

on Morehouse College's campus.  *See also Doe*, Civil Action No. 1:21-cv-02572-SDG (ECF No. 44) ("Doe chose to enroll in Spelman because of the AUC and the availability of cross-registration.").

*Morehouse College is Obligated to Proceed under Title IX on*
*Ms. Field's Formal Title IX Complaint of Sexual Assault Against Kyri Williams*

19.   As previously recognized by this Court, Defendant Morehouse College is subject to Title IX due to its receipt of federal funding.  *See Doe*, Civil Action No. 1:21-cv-02572-SDG (ECF No. 44).

20.   Title IX's statute obligates Morehouse College to address Ms. Fields's campus sexual assault because she is a "person in the United States" seeking to participate in, benefit from, or access its educational programs or activities.  *See* 20 U.S.C. § 1681(a).

21.   Indeed, Title IX regulation requires Morehouse College to take her formal Title IX complaint against Kyri Williams because, at all times relevant, Ms. Fields was "participating in or attempting to participate in [its] educational program or activity."  34 C.F.R. § 106.30(a).

22.   Pursuant to applicable federal Title IX guidance issued by the U.S. Department of Education's Office for Civil Rights (OCR) entitled: "Questions and Answers on Title IX Regulations on Sexual Harassment," 34 C.F.R. § 106.30(a)

requires recipients to accept complaints from any victim who has an intention to continue seeking educational access from the federal funding recipient, such as Ms. Fields has with Morehouse College. *See id.* at 15 (requiring recipients to take complaints from a victim who "(1) has withdrawn from the school due to alleged sexual harassment and expresses a desire to re-enroll if the school responds appropriately to the allegations, (2) has graduated but intends to apply to a new program or intends to participate in alumni programs and activities, (3) is on a leave of absence and is still enrolled as a student or intends to re-apply after the leave of absence, or (4) has applied for admission.") (Q&A 23), https://www2.ed.gov/about/offices/list/ocr/docs/202107-qa-titleix.pdf.

23. On May 22, 2023, due in part to the lack of any criminal investigation by Morehouse College's Police Department to date, Ms. Fields filed a formal Title IX complaint of campus sexual assault against Kyri Williams with Morehouse College's Title IX Office.

24. Upon information and belief, despite receiving this complaint, Morehouse College effectively took no action on to investigate or resolve the campus sexual assault until October 3, 2023, when it dismissed the complaint under Title IX.

7

25. In its dismissal, Morehouse College falsely claimed that Ms. Fields was "not participating in or attempting to participate in an education program or activity of the College" and thus falsely claimed that it had to dismiss the complaint under "applicable Title IX regulations . . . for Title IX purposes."

26. Prior to this dismissal, Jeffrey J. Nolan, Esq., outside counsel from Holland & Knight for Morehouse College, had communicated the following information with Ms. Fields counsel (who had been advocating for Morehouse College to act upon her client's formal Title IX complaint): "I have reviewed the written complaint submitted by Ms. Fields, and I was not able to identify any information in it that would indicate that Ms. Fields was participating in or attempting to participate in Morehouse College's education program or activity at the time the complaint was submitted to the College. If you think that I am missing information that is there that alleges that, please let me know."

27. Ms. Fields' counsel promptly replied: "Ms. Fields identified herself in the formal complaint as a Spelman student sexually assaulted by a Morehouse student on Morehouse's campus. Due to her enrollment at Spelman, Ms. Fields enjoys access to Morehouse's educational programs or activities through the historic Atlanta University Center Consortium. While Title IX regulation does not require her to 'plead' her educational access at Morehouse, I am happy to develop a

8

statement from my client of past, present, and future educational programs or activities at Morehouse, but I believe that is unnecessary given the existence of the consortium."

28. Mr. Nolan replied to disagree that the consortial relationship between Morehouse and Spelman Colleges bestowed Ms. Fields an inherent right to proceed with her sexual assault complaint under Title IX.

29. Ms. Fields' counsel followed up with additional information about her client's past, present, and future access to educational programs or activities at Morehouse College by stating:

> Spelman and Morehouse refer to their consortium relationship as "SpelHouse," as they are both part of the Atlanta University Center (AUC). When deciding to attend Spelman, Abbie Fields planned to cross-register for business classes at Morehouse and may still choose to do so.
>
> Abbie Fields is currently a sophomore at Spelman. As a freshman, the tradition of "SpelHouse" for the first month is for the institutions to assign Spelman sisters to Morehouse brothers so that they form social relationships as students within the consortium.
>
> Both freshman and sophomore years, Abbie Fields attended several events hosted on Morehouse's campus as part of "SpelHouse," which averaged about one event a week *at minimum*. She is continuing to attend events as a sophomore.

9

Additionally, SpelHouse has combined homecoming events on both campuses each year. Abbie Fields attended such events last year and would like to attend them again this year to avoid losing out on educational benefits and opportunities.

While a sophomore, during this school year (2023-2024), Abbie Fields applied for a club at Morehouse called The Maroon Tiger, which does campus magazines and media-related activities, at Morehouse. She has made it to the interview level. She also plans to apply for other clubs soon. Also, this school year, Morehouse's intramural soccer team invited Abbie Fields to play[,] and she plans to do so.

30. The Maroon Tiger, Morehouse College's weekly student-run newspaper, accepted Ms. Fields as a member. The newspaper highlights student life, campus activities and events, among other things, so Ms. Fields has to regularly be on Morehouse's campus to cover such events, causing her to come into frequent proximity with Kyri Williams.[1]

## CLAIMS FOR RELIEF

### COUNT I
(*Declaratory Judgment Action Regarding Defendant's Sex-Based Discriminatory Policy in Violation of Title IX, 20 U.S.C. §§ 1681,* **et al.**)

31.   Plaintiff incorporates by reference the allegations of facts contained in the previous paragraphs as if fully set forth herein.

---

[1] There is no newspaper at Spelman College.

32. Upon information and belief, Morehouse College has a policy and practice of systemically dismissing formal Title IX complaints filed by Spelman College students raped on its campus by Morehouse College students.

33. Morehouse College has a longstanding "institution[al] culture of hypermasculinity and [sex-based] discrimination." *Doe v. Morehouse Coll.*, et al., Civil Action No. 1:21-cv-02572-SDG (N.D. Ga. Aug. 16, 2022) (ECF No. 44).

34. Morehouse College repeatedly has "fail[ed] to educate its students on consent and sexual misconduct, frequently mishandles reports of sexual assault (which fosters a culture of sexual violence), and has unusually frequent turnover with Title IX coordinators." *Doe*, Civil Action No. 1:21-cv-02572-SDG (ECF No. 44).

35. By dismissing her formal Title IX complaint, Morehouse College has unlawfully discriminated against Ms. Fields on the basis of sex to deny equal access to education, along with denied access to federal civil rights guaranteed under Title IX.

36. Upon information and belief, Morehouse College has likewise unlawfully discriminated against other Spelman College students asserting their federal civil rights guaranteed under Title IX after sexual assaults committed by Morehouse students on campus.

## **REQUEST FOR RELIEF**

WHEREFORE Ms. Fields respectfully requests that this Court (1) issue a declaratory judgment (a) holding that Morehouse College's policy and practice of dismissing formal Title IX complaints of sexual assault filed by female Spelman College students against male Morehouse College students is unlawful discrimination prohibited by Title IX, and (b) holding that such formal Title IX complaints must be acted upon pursuant to 34 C.F.R. § 106.30(a), as Spelman College—by virtue of the consortial relationship between Spelman and Morehouse College, and their participation in the AUC—are inherently "participating in or attempting to participate in [Morehouse College] educational program[s] or activit[ies]"; (2) issue an injunction (a) reinstating Ms. Fields' formal Title IX complaint and (b) compelling Morehouse College to comply with Title IX regulation by conducting a prompt and equitable investigation and resolution of her complaint without denying her any related rights and options; and (3) award all attorneys' fees and costs necessary for Ms. Fields to bring this action pursuant to 42 U.S.C. § 1988.

On this the 28th day of November 2023

Respectfully submitted,

*/s/ Melvin L Hewitt Jr.*
Melvin L. Hewitt, Jr.
(GA Bar No. 350319)
ISENBERG & HEWITT, P.C.
1200 Altmore Avenue, Suite 120
Sandy Springs, GA  30342
T: 770-351-4400
F: 770-828-0100
mel@isenberg-hewitt.com

Laura L. Dunn, Esq. (*pro hac vice* forthcoming)
(NY Bar No. 5990270)
L.L. DUNN LAW FIRM, PLLC
745 Fifth Avenue, Suite 500
New York, NY 10151-009
T: 202-822-5023
F: 202-776-0136
LLD@LLDunnLaw.com

*Attorneys for Plaintiff Abebitu Fields*